UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

    Plaintiff,

v.

LINCOLN PROPERTIES, LTD., et al.,

    Defendants.

No. 2:18-cv-02436-KJM-CKD

ORDER

In this suit alleging violations of the Americans with Disabilities Act (ADA), plaintiff Scott Johnson moves for a stay pending the resolution of two similar cases on appeal before the Ninth Circuit. For the following reasons, the court GRANTS Johnson's motion in part.

I.    BACKGROUND

Plaintiff filed this case on September 6, 2018, alleging Starbucks is violating the ADA and the Unruh Act, because its location at 121 Lincoln Center in Stockton, California, has inadequate handicapped parking spaces and curb ramps, as well as inadequate space at the transaction counter inside the Starbucks. *See* Compl., ECF No. 1. Johnson's complaint also names defendant Lincoln Properties, Ltd., as the owner of the 121 Lincoln Center property in which the Starbucks is housed. *Id.* at 2. On June 27, 2019, Johnson moved for a stay pending resolution of the appeals in *Scott Johnson v. Blackhawk Centercal,* 3:17-cv-02454-WHA (N.D. Cal.), *on appeal*,

1

No. 19-15759, and *Kong v. Mana Investments Company, LLC,* 8:18-cv-01615-DOC-DFM (C.D. Cal.), *on appeal*, No. 19-55577. Mot., ECF No. 23. Defendant Starbucks does not oppose, ECF No. 24, but Lincoln Properties does oppose, ECF No. 25. Johnson did not reply to Lincoln's opposition.

II. LEGAL STANDARD

A district court has inherent power to control the disposition of the cases on its docket in a manner to promote economy of time and effort for itself, for counsel and for litigants. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The trial court may, "with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings that bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.* The court's inherent power is discretionary. *See CMAX*, 300 F.2d at 268.

In determining whether a stay is warranted, the court must weigh the competing interests resulting from granting or declining a motion to stay. *Id.* Among the competing interests are (1) "the possible damage that may result from the granting of a stay," (2) "the hardship or inequity a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law expected to result from a stay." *Id.* at 268 (citation omitted); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). Finally, "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

III. DISCUSSION

Johnson contends a stay is warranted because the appeals in *Blackhawk* and *Kong* will likely resolve the legal question of whether the transaction counters like those in the Starbucks at issue violate the ADA. Mot. at 3. Lincoln Properties opposes the motion, because the

ADA claim for the parking lot issues will not be affected by the appeals, and it argues a stay will prejudice Lincoln by delaying the adjudication of those claims. Opp'n at 1–2.

The court addresses the *CMAX* factors, beginning with the third factor: "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law expected to result from a stay." *CMAX*, 300 F.2d at 268. In reviewing this factor, the court is mindful of the imperative that the Federal Rules of Civil Procedure be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *see also Landis*, 299 U.S. at 254–55, 57 (court has inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" and "[h]ow this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance"). *Blackhawk* and *Kong* both involve ADA claims against Starbucks for the transaction counters at other Starbucks locations, elsewhere than the Starbucks implicated by this suit. *See* Summary Judgment Order in *Blackhawk*, ECF No. 23-3; Report and Recommendation in *Kong*, ECF No. 23-6. Both appeals are relevant to the ADA claim in this case regarding Starbucks' transaction counters, and given the parties' positions the resolution of the appeals will likely simplify a central question of law at issue here. Accordingly, the first *CMAX* factor favors a stay as to the claims regarding Starbucks' countertops. As Lincoln argues, the claims regarding the property's parking lot will not be affected by these appeals, and therefore this factor does not favor a stay as to those claims.

As to the remaining factors, the court must balance the "possible damage [to the non-movant] which may result from the granting of a stay," with "the hardship or inequity which [the movant] may suffer in being required to go forward." *CMAX*, 300 F.2d at 268. If there is "even a fair possibility that the stay for which [movant] prays will work damage to someone else," then the movant must show "a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. Lincoln argues it will be harmed by a stay, because the adjudication of the claims against it will be delayed, and "[t]he passage of time increases the risk of lost evidence and witnesses becoming unavailable or no longer recollecting events." Opp'n at 3.

Johnson argues he will be harmed without a stay, because he will expend time and money on unnecessary litigation that could be rendered moot depending on the resolution of the pending appeals. *See* Mot. at 4. The risk of harm to Lincoln of lost evidence does appear to outweigh the potential harm to Johnson in going forward, but only as to the parking lot claims that will not be resolved in the aforementioned appeals. As to the claims regarding Starbucks' transaction counters, the remaining *CMAX* factors favor a stay, particularly because defendant Starbucks does not oppose the stay, and therefore presumably will not be harmed by it. *See* ECF No. 24.

IV. CONCLUSION

Accordingly, the court finds a stay is warranted only as to plaintiff's claims regarding Starbucks' transaction counters. *See* Compl. ¶¶ 39–40 (ADA allegation regarding transaction counters at Starbucks); *id.* ¶¶ 44–48 (related Unruh Act allegations). The ADA and Unruh Act claims regarding the transaction counters are hereby STAYED pending resolution of the appeals in both *Scott Johnson v. Blackhawk Centercal,* No. 19-15759, and *Kong v. Mana Investments Company, LLC*, No. 19-55577. Plaintiff's ADA and Unruh Act claims regarding the parking lot specifications are not stayed and will proceed. *See* Compl. ¶¶ 17–21 (ADA allegations regarding parking lot); *id.* ¶¶ 44–48 (related Unruh Act allegations). The parties to the transaction counter-related claims shall file a joint status update notifying the court within seven days after both appeals are resolved.

The parties to the parking lot-related claims shall appear before this court for an initial pretrial scheduling conference at 10:00 A.M. in Courtroom 3 on December 20, 2019, with a joint status report due fourteen days prior.

This order resolves ECF No. 23.

IT IS SO ORDERED.

DATED: November 14, 2019.

_____
UNITED STATES DISTRICT JUDGE

4